

# NUMBER 13-20-00529-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

S. SANCHEZ AND
EDCOUCH-ELSA INDEPENDENT
SCHOOL DISTRICT,                                                              Appellants,

v.

JASMINE GARCIA, A/N/F
OF D.C., A MINOR,                                                             Appellee.

On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellants S. Sanchez and Edcouch-Elsa Independent School District (the District) appeal the trial court's denial of their plea to the jurisdiction seeking to dismiss a suit brought by appellee Jasmine Garcia, a/n/f D.C., a minor. In two issues, appellants

argue that: (1) Garcia failed to plead a waiver of the District's governmental immunity as necessary to establish the trial court's jurisdiction; and (2) Garcia's claim against the District's employee Sanchez is barred by the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. We reverse and render.

## I.     BACKGROUND

Garcia filed suit against appellants alleging that Sanchez, a District teacher, negligently disciplined Garcia's son D.C., a student in Sanchez's classroom. Particularly, Garcia alleged that Sanchez "intimidated [D.C.] from going to the restroom, and at times flat out denied his request." Garcia alleged that D.C. routinely held his urine to avoid further discipline from Sanchez and that this routine caused D.C. to develop a urinary tract infection. Garcia alleged that D.C.'s infection was treated with antibiotics and that he "took two weeks to recuperate."

Garcia further claimed that Sanchez was "acting within the course and scope of her employment or official duties and in furtherance of the duties of [her] employment." Garcia maintained that the District was responsible for Sanchez's negligent acts under the doctrine of respondeat superior.

Appellants filed a plea to the jurisdiction arguing that: (1) Garcia failed to plead a waiver of the District's governmental immunity from suit; (2) Garcia's suit against Sanchez was barred by the TTCA's election-of-remedies provision; and (3) Sanchez's actions did not amount to punishment, and therefore Sanchez was immune from liability pursuant to Texas Education Code § 22.051. *See* TEX. EDUC. CODE ANN. § 22.051. Garcia filed a

2

response arguing that § 22.051 constituted a statutory waiver of immunity for both the District and Sanchez. Following a hearing, the trial court denied appellants' plea to the jurisdiction. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (8).

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*.

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has met its burden to allege facts affirmatively demonstrating the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id*. at 226–27. If the pleadings affirmatively negate jurisdiction, then the plea may be granted without affording the

3

plaintiff this opportunity. *Id*. at 227.

Governmental immunity[1] deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued unless the State consents to suit by waiving immunity. *Id*. at 226. Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Id*. at 225–26. "[T]he manner in which the government conveys its consent to suit is through the Constitution and state laws." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 660 (Tex. 2012). Thus, "it is the Legislature's sole province to waive or abrogate sovereign immunity." *Id*. (quoting *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). A statutory waiver of immunity must be clear and unambiguous and must be read narrowly. *LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 120 (Tex. App.—Austin 2017, pet. denied); *see* TEX. GOV'T CODE ANN. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language[.]").

## B.   The District's Immunity

Appellants first argue that Garcia failed to plead a waiver of the District's governmental immunity.

The TTCA provides a limited waiver of governmental immunity for certain tort claims against governmental entities. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 839 (Tex. 2018). School districts are excluded from the TTCA's waiver of immunity "[e]xcept as to motor vehicles." TEX. CIV. PRAC. & REM. CODE ANN. § 101.051. In that

---

[1] As a political subdivision, the District is generally protected from suit by governmental immunity. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011).

regard, a school district waives immunity for:

> (1)    property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle . . . ; and
>
> (B)    the employee would be personally liable to the claimant according to Texas law[.]

*Id*. § 101.021(1); *see id*. § 101.025(a) (providing that immunity from suit is waived and abolished to the extent of liability created by the TTCA).

Garcia's pleadings do not allege any facts invoking the TTCA's limited waiver of immunity. Garcia implicitly concedes this point on appeal, instead arguing that the District's immunity from suit is waived by § 22.051 of the education code. That section, titled "Immunity from Liability", provides as follows:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.051(a). Garcia's reliance on this provision is misplaced. Section 22.051 is an affirmative defense which provides immunity from liability[2] to school employees for actions taken within the scope of their employment. *Foster v. Estrada*, 974 S.W.2d 751, 753 (Tex. App.—San Antonio 1998, pet. denied). This provision defines the scope of such immunity for school employees, while excepting certain actions from that

---

[2] "Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).

5

protection. The provision contains no reference to a school district's immunity from suit, nor does it contain language that constitutes an unambiguous waiver of that immunity. *See LMV-AL Ventures*, 520 S.W.3d at 120.

Garcia's pleadings do not identify a statutory waiver of the District's governmental immunity. Therefore, she has not met her burden to allege facts affirmatively demonstrating the trial court's jurisdiction over this claim. *See Miranda*, 133 S.W.3d at 226. Moreover, we conclude that this constitutes an incurable jurisdictional defect which cannot be cured by amendment. *Id*. at 226–27. Therefore, the trial court lacks subject-matter jurisdiction over Garcia's claims against the District. We sustain appellants' first issue.

## C.    Election-of-Remedies

Next, appellants argue that Garcia's claim against Sanchez is barred by the TTCA's election-of-remedies provision.

The TTCA includes a comprehensive election-of-remedies scheme. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106; *Garcia*, 253 S.W.3d at 656. Pursuant to this scheme, plaintiffs must pursue either the governmental unit or the employee individually, not both. *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 536–37 (Tex. 2017). In other words, plaintiffs may not plead that the governmental unit is liable for the actions of its employee and then alternatively plead that the employee acted independently and is individually liable. *See id*. Therefore, "[i]f a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE

6

ANN. § 101.106(e). "[T]his requirement effectively makes a plaintiff's apparent nonchoice an election to sue only the government." *Rios*, 542 S.W.3d at 537. All tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the TTCA for purposes of § 101.106. *Garcia*, 253 S.W.3d at 659.

Here, Garcia's sued both the District and Sanchez in tort. Therefore, § 101.106(e) mandates the dismissal of Garcia's suit against Sanchez on the filing of a motion by the District. *See Rios*, 542 S.W.3d at 537. Because the District filed such a motion, we conclude that the trial court erred in failing to dismiss Garcia's suit against Sanchez.[3] *See Miranda*, 133 S.W.3d at 226. We sustain appellants' second issue.

### III. CONCLUSION

We reverse the trial court's judgment and render judgment dismissing Garcia's suit for want of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed on the
5th day of August, 2021.

---

[3] When a governmental unit seeks dismissal of the claims against an employee under subsection 101.106(e), such action is based on an assertion of immunity. *See City of Webster v. Myers*, 360 S.W.3d 51, 55 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Univ. of Tex. Health Sci. Ctr. at Hous. v. Crowder*, 349 S.W.3d 640, 643 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Franka v. Velasquez*, 332 S.W.3d 367, 371 n. 9 (Tex. 2011) (stating that § 101.106 confers immunity in some instances to employees of governmental units).